# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**BENJAMIN JOHN BIESE,**

    Petitioner,

-vs-                                                 **Case No. 16-C-385**

**SCOTT ECKSTEIN,**
Warden of Green Bay Correctional Institution,

    Respondent.

# DECISION AND ORDER

Pro se Petitioner Benjamin John Biese, an inmate at Green Bay Correctional Center, seeks leave to proceed *in forma pauperis* (ECF No. 2) on his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his January 26, 2012, Outagamie Circuit Court conviction in *State v. Biese,* Case No. 10-CF-781.[1]

To authorize a litigant to proceed *in forma pauperis*, the Court must make two determinations: first, whether the litigant is unable to pay the costs of commencing the action; and second, whether the action is frivolous

---

[1] On May 8, 2015, this Court approved Biese's voluntary dismissal of his prior federal § 2254 action challenging the same conviction. *See Biese v. Pollard,* No. 14-C-571 (E.D. Wis.). While the Antiterrorism and Effective Death Penalty Act (AEDPA), establishes a "'gatekeeping' mechanism for the consideration of 'second or successive federal habeas corpus applications,'" a prisoner must ask the appropriate court of appeals to direct the district court to consider such an application. § 2244(b). *Stewart v. Martinez-Villareal,* 523 U.S. 637, 641 (1998) (citation omitted). Given Biese's voluntary dismissal of Case No. 14-C-571, the instant motion is not a successive petition for purposes of the AEDPA. *See id.*

or malicious. 28 U.S.C. §§ 1915(a)(1) and (e)(2). The Court must deny a request to proceed without prepaying the fee if (1) the allegation of poverty is untrue; (2) the action is frivolous; (3) the action fails to state a claim; or (4) the action seeks monetary relief against an immune defendant. 28 U.S.C. § 1915(e)(2).

With respect to Biese's ability to pay the $5.00 filing fee, his certified trust account statement discloses that he has no funds in his regular account. Thus, Biese is unable to pay the fee for filing this action.

The next step in the *in forma pauperis* determination is to address whether the lawsuit is frivolous or malicious. The Court also determines under Rule 4 Governing § 2254 Cases in the United States District Courts whether the action is plainly without merit. Unless plainly without merit, the Respondent should be required to answer.

Here, Biese alleges that he is in custody pursuant to the conviction he challenges, and he raises arguable constitutional claims. Therefore, Respondent William Pollard will be required to file an answer, motion or other response to the instant petition which must conform to the requirements of Rule 5 of the Rules Governing § 2254 Cases in the District Courts. Because the motion includes allegations of ineffective assistance of trial counsel, the Court will direct the Clerk of Court to send a copy of this Order to Biese's

state court trial attorney and afford him an opportunity to respond.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

Biese's motion for leave to proceed *in forma pauperis* (ECF No. 2) is **GRANTED**;

**On or before July 15, 2016,** Eckstein must file an answer, motion or other response to the instant petition;

The Clerk of Court is **DIRECTED** to serve a copy of this Order upon Biese's state court trial attorney;

Defense counsel may file a response to the motion **on or before August 15, 2016**; and

Any reply by Biese and/or the Respondent **MUST BE FILED on or before September 30, 2016**.

Dated at Milwaukee, Wisconsin, this 13th day of May, 2016.

BY THE COURT:

_____
**HON. RUDOLPH T. RANDA
U.S. District Judge**