UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

**BENJAMIN J. BIESE,**

    Petitioner,

-vs-                                      Case No. 16-C-385

**SCOTT ECKSTEIN,**

    Respondent.

## DECISION AND ORDER

Pro se Petitioner Benjamin J. Biese seeks the Court's recusal (ECF No. 10) due to two threats Biese made in late 2015 against the Court and family members. Biese's supporting documents indicate that the threats were investigated by a postal inspector and a United States deputy Marshal. Green Bay Correctional Institution officials were also informed of the threats, resulting in the issuance of two conduct reports; Biese admitted the conduct. Wisconsin Department of Corrections records indicate that Biese has eight convictions for violating Wis. Stat. § 940.203(2) by battery or threat to a judge. *See http://offender.doc.state.wi.us* (last visited May 20, 2016).[1]

---

[1] The Court takes judicial notice of the Department of Corrections records. *See Ennenga v. Starns,* 677 F.3d 766, 773 (7th Cir. 2012) (Courts may "take judicial notice of facts that are (1) not subject to reasonable dispute and (2) either generally known

A judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Instances where recusal is required include situations in which the judge has "a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. § 455(b)(1).

Threats against judges are not uncommon. Prior to 2015, Biese threatened this Court. None of Biese's threats have engendered this Court's actual bias or prejudice against Biese.

However, the question presented by the recusal test under the § 455(a) standard is the objective state of the legal and lay culture. *United States v. Murphy*, 768 F.2d 1518, 1537 (7th Cir. 1985). The Court must consider whether an astute observer in either culture would conclude that the relation between judge and litigant (a) is very much out of the ordinary course, and (b) presents a potential for actual impropriety if the worst implications are realized. *Id.* The inquiry is entirely objective, *see Pepsico, Inc. v. McMillen,* 764 F.2d 458, 460-61 (7th Cir. 1985), and is divorced from questions about actual impropriety, *Murphy*, 768 F.2d at 1537. The Court "must bear in mind that 'these outside observers are less inclined to credit

---

within the territorial jurisdiction or capable of accurate and ready determination through sources whose accuracy cannot be questioned."); Fed. R. Evid. 201(b).

- 2 -

judges' impartiality and mental discipline than the judiciary itself will be.'" *In re Nettles,* 394 F.3d 1001, 1002 (7th Cir. 2005) (citation omitted.)

In *Nettles*, a Northern District of Illinois court declined to recuse itself and its Northern District colleagues in a criminal case arising from Gale Nettles' purchase of ammonium nitrate fertilizer from an undercover FBI agent which Nettles resold to another undercover agent who was posing as a terrorist. Nettles was charged with several federal crimes, including attempting to damage and destroy a federal building — specifically the Dirksen Courthouse, the site of the federal courts in Chicago, including the United States District Court for the Northern District of Illinois and the Seventh Circuit Court of Appeals. Nettles challenged the failure to recuse by mandamus. The appeals court concluded that a threat to a judge which appears to be genuine, and not just motivated by a desire to recuse the judge, requires recusal.

> In finding that Nettles' threat was genuine the court stated:
>
> According to the indictment, Nettles, while serving a two-year prison sentence imposed by a judge of the Northern District, told a fellow prisoner that he wanted to destroy the Dirksen Courthouse, killing or injuring its occupants, by means of a truck bomb. The prisoner reported the threat, and the FBI gave him a phone number, to give Nettles, of a purported supplier of ammonium nitrate. Upon his release from prison Nettles called the number and made arrangements for the purchase—from an undercover FBI agent, of course—for

- 3 -

> resale to a purported terrorist (another undercover agent) who seemed willing and able to use it to destroy the building. Since no proceedings against Nettles were pending in the Northern District, his actions could not have been taken with recusal, or some other tactic that might delay or derail a case against him, in mind.

*See id* at 1002-03 (citation omitted).

While observing that "the actual threat to the Dirksen Courthouse was nil because Nett[l]es' accomplices were federal agents," the court noted, "the next time he might be more careful and succeed in his aim. A reasonable observer would think that a judge who works in the Dirksen building would want Nettles to be convicted and given a long sentence, rather than to be set free, either forthwith or sooner rather than later, to make another attempt to destroy the courthouse or its occupants." *Id*. at 1003. The Court of Appeals recused the Northern District and itself from the case, and judges from other circuits would be designated to hear any further proceedings.

Is Biese's request for recusal based on genuine threats? His habeas corpus petition challenging his state conviction for battery or threat to a judge is pending before the Court, so Biese has a potential motive to harass. However, he also has a string of convictions for battery or threatening judges. He has admitted requesting a "hit" on this Court and

- 4 -

"put[ting] the word out" about this Court.

The Court harbors no animus against Biese. However, having carefully considered *Nettles,* the Court concludes that it could appear to the reasonable outside observer of the judicial system that the Court might be predisposed to uphold Biese's state court conviction to keep him locked up, regardless of the merits of his challenge. *See id.* Based on these facts, the Court concludes it must recuse.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

Biese's motion for recusal (ECF No. 10) is **GRANTED**;

The Clerk of Court is directed to randomly reassign this action.

Dated at Milwaukee, Wisconsin, this 1st day of June, 2016.

                                           **BY THE COURT:**

                                           *(signature)*
                                           **HON. RUDOLPH T. RANDA**
                                           **U.S. District Judge**